Filed 6/24/25  P. v. Rubio CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>OSCAR RUBIO,<br><br>    Defendant and Appellant. | G063981<br><br>(Super. Ct. No. 94WF1718)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Andre Manssourian, Judge. Affirmed.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Oscar Rubio filed a petition for resentencing pursuant to Penal Code section 1172.6.[1] At the prima facie hearing on the petition, the trial court denied Rubio resentencing relief. Appointed counsel for Rubio filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 and requested this court conduct an independent review of the entire record. Rubio was given an opportunity to file a supplemental brief but did not do so.

Exercising our discretion under *People v. Delgadillo*, *supra*, 14 Cal.5th at page 232, we examined the entire record and found no reasonably arguable issue. We therefore affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 1995, a jury found Rubio guilty of conspiracy to commit murder (§§ 182, subd. (a)(1), 187, subd. (a)) and premeditated and deliberate attempted murder (§§ 664, subd. (a), 187, subd. (a)). The jury also found Rubio personally inflicted great bodily injury (§ 12022.7) and personally used a firearm (§ 12022.5, subd. (a)) during the commission of the attempted murder.

On direct appeal to this court, Rubio's convictions were affirmed, but his sentence was vacated and the matter was remanded for a new sentencing hearing. (*People v. Rubio* (June 30, 1997, G018297) [nonpub. opn.].) On remand, the trial court sentenced Rubio to life plus an eight-year-determinate term for the enhancements.

In July 2023, Rubio filed a petition for resentencing pursuant to section 1172.6. Counsel was appointed. In response to Rubio's petition, the prosecution requested the trial court take judicial notice of the record of conviction, including the jury instructions and the prior unpublished opinion

_____

[1] All further statutory references are to the Penal Code.

2

by this court (*People v. Rubio, supra*, G018297), to determine Rubio's resentencing eligibility.

In February 2024, the trial court conducted a prima facie hearing on the petition. After reviewing the briefs submitted by counsel, the court minutes, jury instructions, and verdict forms, the trial court found the jury was not instructed on the natural and probable consequences doctrine or any theory in which malice could be imputed to Rubio. The trial court denied Rubio's petition and issued its statement of decision.[2]

Rubio filed a timely notice of appeal.

DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015) amended the felony murder rule and eliminated the natural and probable consequences doctrine as it relates to murder "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) Senate Bill No. 1437 also created procedures "for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis*, at p. 959.) The Legislature subsequently extended relief to defendants convicted of attempted murder based on the natural and probable consequences doctrine. (Sen. Bill No. 775 (2021–2022 Reg. Sess.); Stats. 2021, ch. 551, § 2.)

---

[2] Although the trial court's finding includes Rubio's conspiracy conviction, Rubio did not seek relief under section 1172.6 for this conviction. A conviction for conspiracy to commit murder is ineligible for section 1172.6 relief. (*People v. Whitson* (2022) 79 Cal.App.5th 22, 36.)

The process begins when a defendant previously convicted of a qualifying offense files a petition pursuant to section 1172.6. Once a superior court receives the petition, it shall appoint counsel upon petitioner's request. (§ 1172.6, subd. (b)(1)–(3).) The prosecutor must then file a response to the petition, and a reply may be filed by the petitioner. (§ 1172.6, subd. (c).) The trial court shall then "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Ibid*.)

At the prima facie hearing, the trial court may rely on the record of conviction. (*Lewis*, *supra*, 11 Cal.5th at pp. 970–971.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id*. at p. 971.) Instructions given to the jury at a petitioner's trial may be relied on by the court as part of the record of conviction at the prima facie hearing. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055.) "It is only where the record of conviction establishes the petition lacks merit *as a matter of law* that the court may deny the petition without a hearing." (*People v. Lopez* (2023) 88 Cal.App.5th 566, 576.) We independently review a summary denial of section 1172.6 petition for resentencing. (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211.)

Here, at the prima facie hearing, the trial court reviewed the jury instructions. The jury was not instructed on the natural and probable consequence doctrine or on any theory of liability requiring malice to be imputed to Rubio based solely on his participation in the offense. Since the record of conviction established Rubio was not convicted under a vicarious liability theory, relief was properly denied by the court.

After independently reviewing the entire appellate record, we find no arguable issue.

4

## DISPOSITION

The postjudgment order denying the resentencing petition is affirmed.


MOTOIKE, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


SCOTT, J.